# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00209-RM-NYW

CHURCH MUTUAL INSURANCE COMPANY, *a Wisconsin corporation*,

    Plaintiff,

v.

PHILLIP MARSHALL COUTU, *an individual*,
POWER ADJUSTERS, INC., *a Colorado corporation*,
JUDAH LEON BENSUSAN, *an individual*, and
ATLANTIS CLAIMS SERVICES, LLC, *a Florida limited liability company*,

    Defendants.

---

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

    This matter is before the court on Defendants Phillip Marshall Coutu ("Mr. Coutu"), Power Adjusters, Inc. ("Power Adjusters"), Judah Leon Bensusan ("Mr. Bensusan"), and Atlantis Claims Services, LLC's ("Atlantis") (collectively, "Defendants") Forthwith Joint Motion To Stay Disclosures And Discovery Until The Court Rules On Defendants' Joint Motion To Dismiss (the "Motion" or "Motion to Stay"). [#64, filed June 5, 2017]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated March 30, 2017 [#33], and the memorandum dated June 5, 2017 [#66]. Upon careful review of the Motion and associated briefing, the entire case file, applicable law, and the comments offered at the July 14, 2017 Status Conference, the Motion is DENIED for the reasons stated herein.

## BACKGROUND

Plaintiff Church Mutual Insurance Company ("Plaintiff" or "Church Mutual") initiated this action by filing its Complaint in the United States District Court for the District of Colorado on January 23, 2017. [#1]. Plaintiff's Complaint alleged two claims against the Defendants: (1) civil conspiracy and (2) fraudulent concealment. [*Id.*]. The events giving rise to Plaintiff's Complaint involved an appraisal award issued to one of Church Mutual's policyholders for repairs completed to the policyholder's roof following a hailstorm. [*Id.*]. Plaintiff alleged that Defendants conspired to unlawfully inflate the cost of repairs needed for their own economic gains, as each had a stake in a higher appraisal award. [*Id.*].

Following several extensions of time to answer or otherwise respond to Plaintiff's Complaint, *see, e.g.*, [#20; #25; #29; #38], and prior to the Rule 16(b) Scheduling Conference, the undersigned granted the Parties' request to set a deadline of April 25, 2017 for Plaintiff to file its Amended Complaint, and granted Defendants one final extension of May 16, 2017 to answer or otherwise respond to Plaintiff's Amended Complaint. *See* [#46]. Plaintiff filed its Amended Complaint on April 25, 2017, and levied several new claims against Defendants. Thus, the operative claims in this matter include: (1) Civil Conspiracy against all Defendants; (2) Fraudulent Concealment against all Defendants; (3) Civil RICO against all Defendants; (4) Civil RICO Conspiracy against Messrs. Coutu and Bensusan; and (5) Colorado Organized Crime Control Act ("COCCA") against Messrs. Coutu and Bensusan. [#49].

The undersigned then held a Status Conference on May 10, 2017, setting a Scheduling Conference for June 23, 2017. [#56]. On June 5, 2017, Defendants filed the instant Motion in addition to their Joint Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure. [#64; #65]. At the June 23, 2017 Scheduling Conference, the undersigned set the matter for a further Status Conference on July 14, 2017. [#75]. At the July 14 Status Conference, the undersigned discussed several issues regarding discovery in this matter, and also heard oral arguments on the Motion to Stay. [#94]. Because the Motion to Stay is ripe for resolution, this court considers the Parties' arguments below.[1]

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07 CV 00425 WYD BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007). Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). However, "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport, LLC*, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and stays in this

---

[1] Also pending before the undersigned is Defendants' Joint Motion to Dismiss [#65]; Defendants' Motion For Disclosure Of Settlement Agreements Between Montview Church And Church Mutual Insurance Company And John Kezer And Church Mutual Insurance Company Pursuant To Stipulated Protective Order Dated June 27, 2017 [#78]; interested party Keith Frankl's Motion To Quash Subpoena To Non-Party Keith Frankl And/Or The Frankl Law Firm, P.C. [#91]; and Defendants' Motion To Quash Pursuant To Fed.R.Civ.P. 45(d)(3)(B) Of Subpeona Duces Tecum To The Frankl Law Firm And For Protective Order [#92]. These motions are not yet fully briefed nor argued, and this court will address these by separate order.

District are generally disfavored, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. CIVA 06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

## ANALYSIS

Defendants request a stay of all discovery in this matter until the court disposes of their Joint Motion to Dismiss. Defendants aver that Plaintiff's case is "one of first impression and is intended to throw open the flood gates of litigation[;] [h]owever, the Plaintiff has nothing more than conclusory allegations that are subject to dismissal pursuant to Rule 12(b)(6)." [#64 at 2]. In addressing the *String Cheese* factors, Defendants argue that a stay will not prejudice Church Mutual's interests, "because it already had its day in court," as it settled its case against the policyholder where in it sought to vacate the appraisal award. *See* [*id.* at 2, 5]. Thus, Plaintiff does not get "a second bite at the apple." [*Id.* at 5]. Second, Defendants argue that a stay is warranted, because a ruling in their favor on the Joint Motion to Dismiss will dispose of Plaintiff's whole case, and it would be burdensome on Defendants to engage in grossly excessive and abusive discovery" the Plaintiff proposes to undertake. [*Id.* at 6-7]. Third, Defendants again point to the likely success of their Joint Motion to Dismiss in dismissing Plaintiff's case which will relieve the court of needless discovery disputes. [*Id.* at 7]. As to the final two factors, Defendants contend that Plaintiff's suit is "groundless," and that persons outside this matter have no interest in such a suit. [*Id.* at 7]. Finally, during oral argument, counsel for Bensusan and Atlantis, indicated that, to the extent that this court's Recommendation was to deny the pending Motion to Dismiss, Defendants agreed that discovery should properly commence at that time even if the presiding judge, the Honorable Raymond P. Moore, had not yet ruled on any objections to the Recommendation.

Conversely, Church Mutual argues that a stay is unwarranted merely because Defendants believe their Joint Motion to Dismiss will be granted; rather, the Joint Motion to Dismiss encompasses a litany of issues, and is not likely to result in the dismissal of the Amended Complaint in its entirety. *See* [#71 at 1, 6-7]. As to the first *String Cheese* factor, Plaintiff argues that this weighs heavily in its favor, as it filed this case in January 2017 and in nearly six (6) months no discovery has commenced. [*Id.* at 7-8]. Next, Plaintiff avers that there would be no burden on Defendants should the court adopt a phased discovery schedule in this matter. *See* [*id.* at 8]; *see also* [#87 at 3-4]. Relatedly, phased discovery will allow the case to proceed (without becoming stagnant) as the court resolves the Joint Motion to Dismiss, which serves the court's interests. [#71 at 8-9]. At oral argument, Plaintiff argued that its phased discovery plan limited discovery for a period that was roughly equivalent to the time that it would require the court to issue a Recommendation on the Motion to Dismiss. As to the fourth and fifth factors, Church Mutual contends that this case impacts the interests of non-parties, as evidenced by the two (2) motions to quash a subpoena duces tecum served on interested party Keith Frankl, *see also* [#91; #92], and that the allegations contained in the Amended Complaint potentially implicate a matter of public interest. *See* [#71 at 9].

Here, the court focuses on the first three *String Cheese* factors, i.e., the prejudice to Church Mutual in staying discovery; the burden on Defendants; and the convenience to the court. Defendants' arguments supporting stay are all rooted in the premise that they will prevail on the pending Motion to Dismiss, and that, to the extent dismissal is proper, there is no available cure to Church Mutual. But as reflected by both the briefing related to the Motion to Stay and to the Motion to Dismiss, this court is keenly aware of the divergent views that each side in this action

holds about its merits. And no element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case. Given that the briefing and argument are not complete, and this court has not had an opportunity to consider the merits of the Motion to Dismiss, it declines to presume at this juncture that Plaintiff will be unable to proceed with this action in any form, on any of the five causes of action asserted in the Amended Complaint.[2]

As the court noted during the Status Conference held on July 14, 2017, it is concerned that this case has been pending over six months without any substantive progress. Even with discovery progressing now, the Parties agree that expert discovery will occur after the close of fact discovery in April 2018, and the Final Pretrial Conference is set for December 2018 – almost two years after the commencement of this action. The court further notes that the number of causes of action and contentious nature of this action suggests that discovery may be arduous for both the Parties and the court. And despite Defendants' suggestion that it is more efficient for the court to defer addressing discovery issues until after the Recommendation on the Motion to Dismiss, this court notes three things to the contrary. First, it is the clear preference of this District to proceed with discovery while a motion to dismiss is pending. Second, discussion between the Parties and counsel to date suggests that discovery related to where information is stored and by whom it is held may be a necessary predicate to substantive discovery. Third, this particular court prefers a proactive approach to case management to one of procrastination. Therefore, the operative inquiry is whether this court and the Parties can craft a discovery plan

---

[2] At the same time, the Parties should not interpret the court's ruling on this instant motion as suggesting that Defendants will not prevail on the pending Motion to Dismiss.

that balances the divergent interests of the Parties for the time that the Motion to Dismiss is pending. This court concludes they can.

Defendants argue that there are "unrelated personal and business relationships between Bensusan and Coutu or McConnell and Church Mutual" so that discovery should not be permitted. But at the heart of the allegations asserted by Plaintiff is a relationship between the four Defendants and their financial integration. It strikes this court that, to the extent that Church Mutual is incorrect about the relationship between the four Defendants, none of the claims asserted by the Amended Complaint can survive. The court is also cognizant that Defendants are particularly sensitive about how Church Mutual might use the details of the relationship, but that is the very purpose of the Protective Order entered by the court, i.e., to limit the access and use of any sensitive information to certain individuals and to this action. If the relationship is what Defendants represented at oral argument – a professional relationship in which Messrs. Bensusan and Coutu worked together on a limited number of occasions over several years – then discovery into that relationship should not be particularly onerous and that evidence could lead to an early disposition of this matter. But to the extent that the relationships between the four Defendants are more complex and may take more analysis to unravel, or Defendants raise specific bases for non-disclosure (such as privilege), it seems to this court that it should address those issues head-on rather than ignore them. Defendants have failed to persuade this court that further delay is the appropriate course of action, and this court is satisfied that through regular status conferences, it can limit discovery in an appropriate manner until the disposition of the Motion to Dismiss.

Accordingly, until the issuance of the Recommendation of the Motion to Dismiss, Plaintiff should limit its discovery to the Montview matter and the relationship between the four

Defendants. This may include formal discovery of information held by John Kezer, related to the adjustment of the Montview claim and his relationship to the four Defendants, and other entities controlled or managed by the four Defendants. In this first phase of discovery, to minimize disruption to Defendants' businesses and outside relationships, Plaintiff may serve third party subpoenas only to the extent that they relate to these specific issues and after an agreement by the Parties or a ruling of this court that the discovery sought is not obtainable from Defendants. Plaintiff must defer seeking discovery related to any other insurance claim, and Defendants need not produce any discovery regarding the adjustment of other insurance claims, **except as to information that reflects the relationship and financial arrangements between the Defendants**. Finally, in this first phase of discovery, this court will adjudicate the pending motions to quash and any ruling of such motions will help the Parties frame the appropriate scope of discovery moving forward.

The court expressly holds that Defendants are also permitted to seek discovery in this initial timeframe, but is less clear what discovery Defendants believe is central to their defenses that is in Plaintiff's possession, custody, or control.[3] Once Defendants serve their discovery requests, this court will adjudicate any disputes regarding their scope and/or burden after the

---

[3] Due to the pending Motions to Dismiss, Defendants have not yet answered so this court cannot ascertain whether there may be counterclaims, but Defendants have indicated that they may pursue an abuse of process claim against Plaintiff. [#87 at 5]. This court presumes that Defendants assert that *this* action is an abuse of process, not a *prior* one. Under Colorado law, "a valid abuse of process claim must allege (1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, i.e., use of a legal proceeding in an improper manner; and (3) resulting damage." *Active Release Techniques, LLC v. Xtomic, LLC*, --- P.3d ----, 2017 WL 526124, at *1-2 (Colo. App. Feb. 9, 2017) (citing *Mackall v. JPMorgan Chase Bank, N.A.*, 2014 COA 120, ¶ 39, 356 P.3d 946 (quoting *Lauren Corp. v. Century Geophysical Corp.*, 953 P.2d 200, 202 (Colo. App. 1998)).

Parties engage in a robust meet and confer guided by the principles laid out in Rule 26(b)(1) of the Federal Rules of Civil Procedure at the September 7, 2017 Status Conference. Plaintiff is specifically directed to inform Defendants of any objection to any served discovery (even if the deadline to respond has not yet lapsed) no later than **August 28, 2017** so that issues may be addressed during the Status Conference.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Defendants' Forthwith Joint Motion To Stay Disclosures And Discovery Until The Court Rules On Defendants' Joint Motion To Dismiss [#64] is **DENIED**.

DATED: August 2, 2017

BY THE COURT:

s/Nina Y. Wang_____
Nina Y. Wang
United States Magistrate Judge